Anthony REALE, Plaintiff,

v.

Charles A. CHURCH, District Director, Internal Revenue Service for the District of Manhattan, Defendant.

United States District Court
S. D. New York.
Nov. 13, 1962.

504

Hyman Lehon, New York City, for plaintiff.

Vincent L. Broderick, U. S. Atty., Anthony J. D'Auria, Asst. U. S. Atty., for defendant.

TYLER, District Judge.

Plaintiff has moved to enjoin the defendant, his agents or employees, from collecting a penalty assessment against plaintiff for certain withholding and social security taxes. The government cross moves to dismiss the complaint.

The District Director levied penalty assessments against plaintiff personally in the sum of $3,282.16. These assessments arose out of the failure of Patsy-Ann Children's Dress Corp. to pay social security and withholding taxes for the first three quarters of 1958 (26 U.S.C. § 6672). The District Director has maintained that the plaintiff, as president and sole stockholder of the corporation, was and is the person charged with the duty to collect, truthfully account for and pay over these taxes due from Patsy-Ann Children's Dress Corp., which is now defunct.

Plaintiff urges here that the assessments are illegal because he did not "willfully" fail to collect or pay over the taxes. His explanation is that by agreement with his former company, an affiliated manufacturing concern, S. Wieder, Inc., retained the withholding and social security taxes. He asks for the equitable intervention of this court because he faces the possibility of losing his employment if the Internal Revenue Service continues to levy against his salary; he also asserts that he is destitute and thus unable to adhere to the statutory mandate of paying under protest and then suing for a refund.

26 U.S.C. § 7421(a) provides:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

In Enochs v. William Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) the Supreme Court said that the purposes of 26 U.S.C. § 7421(a) are to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to disputed taxes be determined in a suit for refund. The court further stated that it is only where "under the most liberal view of the law and the facts, the United States cannot establish its claim" that the suit for an injunction may be maintained.[1] "Otherwise the District Court is without jurisdiction, and the complaint must be dismissed."[2]

With all due sympathy for plaintiff's asserted straitened circumstances, this court cannot certainly conclude from the facts and law in this record that the government cannot establish its claim. See Bloom v. United States, 272 F.2d 215 (9th Cir. 1960); Stanton v. Machiz, 183 F.Supp. 719 (D.C.Md.1960).

Accordingly, plaintiff's motion for a temporary injunction is denied, and the government's cross motion to dismiss the complaint is granted. Plaintiff's recourse is a suit for refund after payment under protest; in addition, if the facts are as he states, he may have a valid claim against S. Wieder, Inc.

So ordered.

1. 370 U.S. at p. 7, 82 S.Ct. at p. 1129.

2. Ibid.